

# U.S. MERIT SYSTEMS PROTECTION BOARD

### Office of the Clerk of the Board

1615 M Street, N.W.
Washington, D.C. 20419-0002

Phone: 202-653-7200; Fax: 202-653-7130; E-Mail: mspb@mspb.gov

2026-1793

## ATTESTATION

I HEREBY ATTEST that the attached index represents a list of the documents comprising the administrative record of the Merit Systems Protection Board in the appeal of *Interior Probationary Employees Class v. Department of the Interior*, MSPB Docket No. DC-0752-25-1550-I-1, and that the administrative record is under my official custody and control on this date

on file in this Board

| May 8, 2026 | /s/ |
| --- | --- |
| Date | Gina K. Grippando |
| | Clerk of the Board |

CERTIFICATE OF SERVICE

I hereby certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

Petitioner

Electronic Mail
(via mspb@mspb.gov)

Daniel Rosenthal
dmrosenthal@jamhoff.com

Respondent

Electronic Mail
(via mspb@mspb.gov)

Patricia M. McCarthy, Director
Commercial Litigation Branch
Civil Division Classification Unit
U.S. Department of Justice
c/o Joan Turman
joan.turman@usdoj.gov

| May 8, 2026 | /s/ |
|---|---|
| (Date) | Dinh Chung |
| | Case Management Specialist |

# INDEX

## Interior Probationary Employees Class

### V.

## Department of the Interior
## MSPB Docket No. DC-0752-25-1550-I-1

### I - Initial Appeal

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | ISSUED/RECEIVED DATE |
|---|---|---|---|
| 1 | IA | Appellant - Initial Appeal | 03/17/2025 |
| 2 | IA | MSPB - Acknowledgment of Request for Class Appeal | 03/21/2025 |
| 3 | IA | Appellant - Appellants Request for Discovery on Class Certification | 03/24/2025 |
| 4 | IA | Agency - Agency Request to Remove Jessica Pollack As Agency Representative | 03/25/2025 |
| 5 | IA | Agency - Agency Rep Addition | 03/25/2025 |
| 6 | IA | MSPB - Discovery Order | 03/25/2025 |
| 7 | IA | Agency - Request for Extension of Time | 04/01/2025 |
| 8 | IA | MSPB - Order Staying Deadlines | 04/07/2025 |
| 9 | IA | Intervenor - OPM Statutory Intervention | 04/18/2025 |
| 10 | IA | MSPB - Notice of OPM Statutory Intervention | 04/21/2025 |
| 11 | IA | Appellant - Updated Notice of Representation | 04/21/2025 |
| 12 | IA | Agency - Request for Extension of Time | 04/28/2025 |
| 13 | IA | MSPB - Order to Show Cause | 04/30/2025 |
| 14 | IA | Appellant - Motion to Substitute One Named Appellant | 04/30/2025 |
| 15 | IA | Appellant - Stipulation of Dismissal | 05/02/2025 |
| 16 | IA | Agency - AGENCY MOTION FOR PROTECTIVE ORDER TO FILE EVIDENCE UNDER SEAL PURSUANT TO THE BOARD'S APRIL 30, 2025 ORDER TO SHOW CAUSE | 05/06/2025 |
| 17 | IA | Agency - Agency Rep Addition | 05/07/2025 |
| 18 | IA | MSPB - ORDER DISMISSING NAMED APPELLANT | 05/08/2025 |
| 19 | IA | MSPB - ORDER DENYING MOTION TO SEAL | 05/08/2025 |
| 20 | IA | Agency - Response to 04 30 2025 Order to Show Cause | 05/09/2025 |
| 21 | IA | Appellant - Request for Leave to Submit Limited Personally Identifiable Information of Class Members with Their Consent | 05/15/2025 |
| 22 | IA | MSPB - Order on Redactions | 05/16/2025 |
| 23 | IA | Appellant - Response to 04 30 2025 Order to Show Cause | 05/16/2025 |
| 24 | IA | MSPB - Status Conference Order | 05/27/2025 |

I - Initial Appeal

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | ISSUED/RECEIVED DATE |
|---|---|---|---|
| 25 | IA | Agency - Agency Rep Addition | 06/03/2025 |
| 26 | IA | MSPB - Order and Summary of Status Conference | 06/04/2025 |
| 27 | IA | Appellant - Joint Status Report | 06/09/2025 |
| 28 | IA | MSPB - Order and Summary of Status Conference | 06/10/2025 |
| 29 | IA | Agency - Request for Extension of Time | 06/18/2025 |
| 30 | IA | Agency - Response to 06 10 2025 Order and Summary of Status Conference | 06/18/2025 |
| 31 | IA | Agency - Agency Motion for Leave to Supplement its June 18 2025 Pleading with Additional Evidence | 06/18/2025 |
| 32 | IA | MSPB - Order Granting Extension of Time | 06/20/2025 |
| 33 | IA | Agency - Declaration in Support of 6.18.25 Agency Resp. to 6.10.25 Order | 06/23/2025 |
| 34 | IA | Appellant - Response to Agency Submission of Additional Evidence and Argument Regarding Class Certification | 06/30/2025 |
| 35 | IA | MSPB - Order Certifying Class Appeal | 07/17/2025 |
| 36 | IA | MSPB - Status Conference Order | 07/17/2025 |
| 37 | IA | Agency - Agency Rep Addition | 07/22/2025 |
| 38 | IA | MSPB - Order and Summary of Status Conference | 07/23/2025 |
| 39 | IA | Appellant - Parties Proposed Class Notice | 07/25/2025 |
| 40 | IA | MSPB - Notice and Order | 07/28/2025 |
| 41 | IA | Appellant - Appellants Request for Status Conference and Motion to Extend Deadlines | 08/15/2025 |
| 42 | IA | MSPB - Status Conference Order | 08/22/2025 |
| 43 | IA | Agency - Agency Motion for Protective Order | 08/22/2025 |
| 44 | IA | Appellant - Appellants Response to Agency Motion for a Protective Order and Motion to Compel | 08/26/2025 |
| 45 | IA | MSPB - Order and Summary of Discovery Conference | 08/27/2025 |
| 46 | IA | Agency - Withdrawal of Agency Representatives | 09/15/2025 |
| 47 | IA | Agency - Agency Rep Addition | 09/16/2025 |
| 48 | IA | MSPB - Status Conference Order | 09/25/2025 |

## I - Initial Appeal

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | ISSUED/RECEIVED DATE |
|---|---|---|---|
| 49 | IA | MSPB - Order and Summary of Status Conference | 09/29/2025 |
| 50 | IA | Agency - Request for Extension of Time | 11/14/2025 |
| 51 | IA | Appellant - Appellants Opposition to Agencys Request for Extension and Unopposed Request for a Status Conference | 11/17/2025 |
| 52 | IA | MSPB - Order Rescheduling | 11/17/2025 |
| 53 | IA | MSPB - Status Conference Order | 11/25/2025 |
| 54 | IA | MSPB - Order and Summary of Status Conference | 12/01/2025 |
| 55 | IA | Appellant - Appellants Notice Regarding Discovery Dispute, Request for a Status Conference, and Request for In Camera Review | 12/10/2025 |
| 56 | IA | Appellant - Appellants Jurisdictional Brief | 12/11/2025 |
| 57 | IA | Agency - Agency Response to Appellants Notice Regarding Discovery Dispute Request for Status Conference and Request for In Camera Review | 12/11/2025 |
| 58 | IA | Agency - Agency Jurisdictional Brief | 12/11/2025 |
| 59 | IA | Agency - Agency Rep Addition | 12/12/2025 |
| 60 | IA | Appellant - Reply Regarding Appellants Notice Regarding Discovery Dispute, Request for a Status Conference, and Request for In Camera Review | 12/12/2025 |
| 61 | IA | MSPB - Order on Discovery Motions | 12/15/2025 |
| 62 | IA | Agency - AGENCY SUBSTITUTION OF REPRESENTATIVE | 12/16/2025 |
| 63 | IA | Appellant - APPELLANTS' REPLY BRIEF ON JURISDICTION | 12/26/2025 |
| 64 | IA | Agency - Agency Reply Brief on Jurisdiction | 12/29/2025 |
| 65 | IA | Appellant - Appellants Request for Status Conference | 01/15/2026 |
| 66 | IA | MSPB - Order | 01/15/2026 |
| 67 | IA | Appellant - Appellant Representatives Withdrawal of Appearance | 01/23/2026 |
| 68 | IA | MSPB - Initial Decision | 03/31/2026 |

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**WESTERN REGIONAL OFFICE**

| | |
|---|---|
| INTERIOR PROBATIONARY<br>    EMPLOYEES CLASS,<br>            Appellant, | DOCKET NUMBER<br>DC-0752-25-1550-I-1 |
| v. | DATE: March 31, 2026 |
| DEPARTMENT OF THE INTERIOR,<br>            Agency, | |
| and | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>            Intervenor. | |

Daniel M. Rosenthal, Esquire, Alice C. Hwang, Esquire, Anisha Queen, Esquire, Baltimore, Maryland, Charlotte Hannah Schwartz, Esquire, Emily Postman, Esquire, Joseph M. Sellers, Esquire, Rebecca Ojserkis, Esquire, Brian Corman, Esquire, Alisa Tiwari, Esquire, Washington, D.C., Shannon C. Leary, Esquire, Kevin L. Owen, Esquire, Christopher Hugh Bonk, Esquire, Silver Spring, Maryland, for the appellant.

Stacy Biney, Esquire, Maria Iliadis, Esquire, Rachel Wieghaus, Esquire, Washington, D.C., for the agency.

**BEFORE**
Sara K. Snyder
Chief Administrative Judge

**INITIAL DECISION**

**INTRODUCTION**

On March 3, 2025, appellant timely filed this appeal on behalf of a putative class of probationary or trial period employees the agency separated between

February 14 and February 18, 2025, without using the reduction in force ("RIF") procedures of 5 C.F.R. part 351. Initial Appeal File (IAF), Tabs 1, 39, 40. I granted the appellant's request for class certification on July 17, 2025. IAF, Tabs 35. The parties dispute the Board's jurisdiction. The parties engaged in jurisdictional discovery and submitted evidence and argument on the issue of jurisdiction. IAF, Tabs 55, 58, 63, 64. The record on jurisdiction closed on December 26, 2025.[1] *Id.*

For the reasons discussed below, the appeal is DISMISSED for lack of jurisdiction.

## ANALYSIS AND FINDINGS

Burdens of Proof on Jurisdiction

The Board's jurisdiction is limited to matters specified by statute or regulation. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1327 (Fed. Cir. 2006) (en banc). The Board does not have jurisdiction over all matters that are alleged to be unfair or incorrect. *See Miller v. Department of Homeland Security*, 111 M.S.P.R. 325, 332-22 (2009). The appellant bears the burden of proving by preponderant evidence that the matter they are appealing is within the Board's authority to review. *Garcia*, 437 F.3d at 1344; 5 C.F.R. §1201.56(b)(2)(1)(A).

If the Board's jurisdiction is in dispute, as it is here, there is a two-step process wherein an appellant must first make a nonfrivolous allegation that the Board has jurisdiction over an appeal; if they do so, the appellant is entitled to a hearing on the jurisdictional question. *Garcia,* 437 F.3d at 1344; *Wilke v. Department of Homeland Security*, 104 M.S.P.R. 662, ¶ 10 (2007). Nonfrivolous allegations of Board jurisdiction are allegations of fact which, if

---

[1] December 26 was a Federal holiday in 2025. *See* Executive Order No. 14371, 90 FR 60545 (Dec. 23, 2025). Consequently, the last day for the parties to file a reply was December 29, 2025. *See* 5 C.F.R. § 1201.23.

proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Id*.; *see also* 5 C.F.R. § 1201.4(s) (defining "nonfrivolous allegation"). An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that: (1) is more than conclusory; (2) is plausible on its face; and (3) is material to the legal issues in the appeal. 5 C.F.R. § 1201.4(s).

When analyzing nonfrivolous allegations in the context of evaluating jurisdiction, the Board may consider the agency's unrebutted documentary evidence but may not weigh and resolve conflicting evidence. *Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶ 11 (2008); *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). The Federal Circuit has held that the Board cannot consider an agency's interpretation of the evidence as if the Board were deciding a summary judgment motion; rather, the Board must evaluate the appellant's allegations on their face, which is akin to deciding a motion to dismiss. *See Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1368-69 (Fed. Cir. 2020) (deciding individual right of action appeal under whistleblower protection laws); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.") (internal citation omitted).

If the appellant carries that burden, they are entitled to a hearing at which they bear the burden of proving the Board's jurisdiction by preponderant evidence. *See* 5 C.F.R. § 1201.56(b)(2)(i)(A). Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. *Id*. at § 1201.4(q).

Background

The background facts are undisputed. On January 20, 2025, inauguration day, the incoming president issued a memorandum imposing a hiring freeze on the Federal Government.[2] The memorandum and contemporaneous U.S. Office of Personnel Management (OPM) guidance exempted political appointments, military personnel, positions related to immigration enforcement, national security and public safety, and authorized OPM to make further exemptions. *Id.*; IAF, Tab 56 at 41-42. The stated purpose of the freeze was to "reduce the size of the Federal Government's workforce through efficiency improvements and attrition." *Id.* at 44.

That same day, OPM issued a Memorandum to all heads and acting heads of departments and agencies entitled "Guidance on Probationary Periods, Administrative Leave, and Details." IAF, Tab 56 at 49, 61. The memorandum noted that employees serving probationary and trial period appointments could be removed without triggering an Merit Systems Protection Board appeal. *Id.* It further characterized the probationary period as a tool to "manage staffing levels." *Id.* OPM directed that no later than "January 24, 2025, agencies should identify all employees on probationary periods" and send a list of those employees to OPM. *Id.* The memorandum further directed agencies to determine whether those employees should be retained. *Id.* The agency complied, sending a list of over 4000 employees to OPM. IAF, Tab 56 at 55.

In follow-up correspondence with OPM and in meetings of the Chief Human Capital Officer (CHCO) council, OPM clarified that the agencies should only retain high performing employees in mission critical areas of immigration enforcement, national security, and public safety, and take action to separate the rest. IAF, Tab 56 at 70-113. OPM asserted that 5 C.F.R. § 315.803 requires agencies to utilize the probationary period as fully as possible to determine

---

[2]. https://www.whitehouse.gov/presidential-actions/2025/01/hiring-freeze/.

fitness of the employee, and that employees who do not demonstrate that their continued employment is in the public interest are not fit for continued employment. *Id.*

On February 12, 2025, OPM emailed agency leadership directing them to partner with their CHCO to separate the probationary and trial period employees identified for separation by the following day, February 13, 2025. IAF, Tab 56 at 70; IAF, Tab 58 at 115-116. OPM provided a template termination letter purporting to separate the employee based on performance or conduct deficiencies. Tab 58 at 109-115. Beginning on February 14, 2025, the Department of Interior terminated nearly two thousand[3] probationary employees. IAF, Tab 56 at 11; Tab 58 at 120. There is no dispute that the agency separated these employees because OPM directed it to do so. It exempted probationers that were deemed to be in jobs the agency determined to be related to national security and public safety, again in compliance with direction from OPM. IAF, Tab 56 at 89.

The agency does not appear to have consistently used OPM's template termination notice. IAF, Tab 56 at 20. Employees were advised they could be separated because of "workforce planning," and the termination notices in the record advised the employees that their "knowledge, skills and abilities do not meet the Department's current needs." *Id*. The agency provided notice of the employees' limited right to appeal their separations to MSPB pursuant to 5 C.F.R. § 315.806.[4]

---

[3] The specific number has fluctuated across agency submissions. *See, e.g.,* IAF, Tab 56 at 116, Tab 58 at 120.

[4] At the time, the Board's limited jurisdiction encompassed review of actions where the appellant makes a non-frivolous allegation that they were separated due to marital status or partisan political reasons. *See* 5 C.F.R. § 315.806 (2025) (removed by *Final Rule* 90 FR 26727, June 24, 2025). The Board never had an independent basis to review the accuracy of the agency's stated reason for a probationary termination.

On or about March 3, 2025, class counsel filed appeals on behalf of three individuals who were serving probationary periods with the U.S. Geological Survey, the National Park Service, and the U.S. Fish and Wildlife Service, which are subcomponents of the Department of the Interior, seeking certification of a class of all the probationary and trial period employees the agency terminated beginning February 14, 2025. IAF, Tab 1. Beginning in March 2025, in response to other litigation,[5] the agency began to reinstate the putative class members. IAF, Tab 23 at 73. OPM intervened on April 21, 2025. IAF, Tab 10. On July 17, 2025, after it became clear that the agency had not effected a complete rescission, I certified the appeal to proceed as a class, defined as follows:

> [A]ny agency employees serving in a probationary or trial period who were issued termination notices between February 14-18, 2025, in response to a January 20, 2025, guidance memorandum issued by the Office of Personnel Management.
>
> The class does *not* include any individual who was terminated at or around the same time based on specific, individual performance or conduct deficiencies.
>
> The class does *not* include any individual that can nonfrivolously allege they are an "employee" with Board appeal rights as defined in 5 U.S.C. § 7511.
>
> The class does *not* include any individual who signed an agreement with the agency to enroll in its deferred resignation program or any similar agreement waiving the right to pursue a Board appeal of their termination.

IAF, Tabs 35, 39, 40. The appellant notified the potential class members. IAF, Tabs 39-40. The Board identified numerous individual appeals filed by class members, consolidated those appeals, notified the appellants of their right to opt out of the class, and then dismissed the appeals of those who did not opt out as subsumed in the class. IAF, Tabs 35, 39, 40. *See, e.g. Interior Probationers*

---

[5] The appellant's jurisdiction brief cites to these lawsuits in its brief and attaches declarations from it. IAF, Tab 56. Those suits sought and in some cases received injunctive relief, but to my knowledge, turned on different issues of law and in any case, are not final decisions with preclusive effect on the Board's litigation. *See, e.g., MacLean v. Department of Homeland Security*, 2024 MSPB 15 ¶¶ 9, 13 (Nov. 14, 2024).

*Consolidation v. Department of the Interior*, MSPB Docket No. CF-315H-25-0034-I-1, Initial Decision (August 25, 2025).

The parties engaged in discovery[6] and submitted evidence and argument in support of their positions on jurisdiction. IAF, Tabs 54, 56, 58, 63, 64. The record closed on December 26, 2025. IAF, Tab 54 at 3.

The Appellant Class Members Are Not Employees as Defined by 5 U.S.C. § 7511

Subject to some exceptions not relevant here, the Board generally does not have jurisdiction to review the termination of individuals serving a probationary or trial period that are not "employees" as defined by 5 U.S.C. § 7511. *See Bryant v. Department of the Army*, 2022 MSPB 1, ¶ 8; *see also* 5 C.F.R. §§ 11.4(a), 210.101(b), 1201.3(a)(3).[7] I have excluded from the class any individual who can nonfrivolously allege they are an "employee" with Board appeal rights as defined in 5 U.S.C. § 7511. IAF, Tab 35, 39, 40. The agency argues that the actions at issue were taken under the authority of 5 C.F.R. § 315.803(a) and are only reviewable to the extent provided therein.

The appellant class has not nonfrivolously alleged they were subjected to a RIF

*Law Applicable to RIF Appeals*

The appellants assert that the Board has jurisdiction over the agency's actions as a de facto or constructive RIF, because the agency's actions were a reorganization covered by 5 C.F.R. part 351. IAF, Tab 56 at 31; Tab 63 at 12. A RIF is an administrative procedure by which agencies eliminate jobs and reassign

---

[6] The parties have an unresolved discovery dispute related to the application of the deliberative process privilege to records the appellant sought in discovery. IAF Tab 65-66. I make no further rulings on the dispute because the information sought pertains to an argument that is immaterial to the disposition of this appeal.

[7] On April 24, 2025, President Donald J. Trump issued an Executive Order (EO) titled "Strengthening Probationary Periods in the Federal Service," promulgating part 11 of Title 5, Code of Federal Regulations (Probationary and Trial Periods (Rule XI)). https://www.ecfr.gov/current/title-5/part-11. OPM implemented the final rule June 24, 2025. *See* 90 FR 26727. The Board can only exercise its regulatory jurisdiction under subpart H of part 315 of Title 5 for actions that took place before April 24, 2025.

or separate employees who occupied the abolished positions. *See, e.g., Tippins v. United States*, 93 F.4ᵗʰ 1370, 1375 (Fed. Cir. 2024) (citations omitted). A RIF is not an adverse action against a particular employee but is directed solely at a position within an agency. *James v. Von Zemenszky*, 284 F.3d 1310, 1314 (Fed. Cir. 2002) (citing *Huber v. Merit Systems Protection Board,* 793 F.2d 284, 286 (Fed. Cir. 1986)).

The Board's jurisdiction over RIF appeals is regulatory. *Kohfield v. Department of the Navy*, 75 M.S.P.R. 1, 4 (1997). The Board has RIF jurisdiction when an employee was furloughed for more than 30 days, separated, or demoted by a RIF action as defined in OPM's regulations. 5 C.F.R. § 351.901; *see Adams v. Department of Defense*, 96 M.S.P.R. 325, ¶ 9 (2004).

OPM's regulations require the agency to follow the RIF regulations when it releases a "competing employee from his or her competitive level when the release is required because of lack of work; shortage of funds; insufficient personnel ceiling; reorganization; the exercise of reemployment rights or restoration rights; or reclassification of an employee's position due to erosion of duties when such action will take effect after an agency has formally announced a [RIF] in the employee's competitive area and when the [RIF] will take effect within 180 days." 5 C.F.R. § 351.201(a)(2). The regulations make clear that the only persons who are subjected to a RIF action because of a reorganization are those who are released from their competitive level by separation, demotion, or by certain furloughs or reassignments requiring displacement. *Krizman v. Merit Systems Protection Board*, 77 F.3d 434, 438 (Fed. Cir. 1996) (citing 5 C.F.R. § 351.201(a)(2)); *see Grier v. Department of Health and Human Services*, 750 F.2d 944, 945-46 (Fed. Cir. 1984) ("RIFs are not aimed at removing particular individuals; rather, they are directed solely at positions. After the agency has decided to eliminate positions as a matter of its independent managerial discretion, the identification of affected employees is governed by OPM regulations"); *Huber,* 793 F.2d at 286; *Perlman v. Department of the Army*,

23 M.S.P.R. 125, 126 (1984) (Board had jurisdiction under RIF regulations where agency separated term employee after reclassifying position employee occupied). *See also Tippins*, 93 F.4th at 1375 (discussing the definition of a RIF in the context of 14 U.S.C. § 357).

The Board has jurisdiction over appeals filed by probationary, term, and trial period employees who are separated by RIF. *See Bielomaz v. Department of the Navy*, 86 M.S.P.R. 276, ¶ 11 (2000). Agencies may not circumvent RIF regulations in effecting the types of organizational change covered by the regulations. *See Robinson v. U.S. Postal Service*, 63 M.S.P.R. 307 at 324 (1994). The label the agency ascribes to its action is not dispositive. *Holmes v. Department of the Army*, 41 M.S.P.R. 612, 615 (1989) (holding agency's restructuring impacting a single position sufficient for agency to invoke RIF regulations); *see also Baker v. Department of Homeland Security*, 99 M.S.P.R. 92, ¶ 7 (2005) (where the agency's action was not "directed solely at a position within [the] agency," the removal was not a RIF action).

*The appellant has not nonfrivolously alleged the class members were terminated because of an agency reorganization*

It is undisputed that the class members were terminated because they were probationary, irrespective of their performance and conduct, and that the agency chose to retain probationary employees who performed duties related to immigration enforcement, national security, or public safety, consistent with OPM's guidance. *See, e.g.,* IAF, Tab 58 at 121-129. To summarize the appellants' position, they argue that they have met their jurisdictional burden by alleging that the class members were terminated as part of an OPM-directed reorganization that sought to eliminate the duties and positions that were deemed unimportant or otherwise disfavored by the new administration. IAF, Tab 63 at 12. Because this was done without regard to the class members' performance or conduct, and with no plans to replace them or continue their work, the actions meet the regulatory definition of "reorganization" irrespective of any

reorganization plan or actions to formally abolish positions. IAF, Tab 56 at 23-24. The appellants argue that this is the type of organizational change that requires the agency to use the RIF regulations, and the agency's failure to do so requires reversal of the action. *Id.* 5 C.F.R. § 351.201.

First, the appellants' argument that the agency may only legitimately separate non-tenured employees for performance or conduct, or as part of a RIF, is not supported by this record or the law, and is not relevant to the issue presented. Even when it removes or separates a tenured Federal employee, a Federal agency has considerable discretion to choose among available authorities for its actions. *See, e.g. Lovshin v. Department of the Navy*, 767 F.2d 826, 840-43 (1985) (en banc) (holding that CSRA does not limit agency discretion to address unacceptable performance using removal procedures under either Chapter 43 or Chapter 75). In its 2008 commentary on updates to the suitability regulations, OPM cited *King v. Jerome*, 42 F.3d 1371, 1374 (Fed. Cir. 1994), for the principle that the Board must assess an agency action under the procedures elected by the agency and may not hold the agency to compliance with a legal authority the agency did not invoke. *See* 73 FR 20149-01, 2008 WL 1711239, *20152-3 (Apr. 15, 2008). While OPM's comment involved updating the suitability regulations conferring Board jurisdiction, OPM's discussion of the Board's inappropriate extension of the suitability regulations to adjudicate "constructive" suitability actions is comparable to the theory presented here by the appellants. While the appellants point to contrary comments in *Robinson* and *Holmes* for their constructive or de facto RIF theory, the alleged RIFs in *Robinson* and *Holmes* are factually distinguishable from the situation presented in this appeal.

Second, the appellant advances an expansive interpretation of the current regulatory framework for both probationary periods and the RIF process that is not supported by the text or binding precedent. The appellant argues, in essence, that the agency conducts a RIF whenever it removes a probationary employee for reasons other than individual performance and conduct. IAF, Tab 56 at 25. At the time of the actions at issue, 5 C.F.R. § 315.804 did refer to separations for

performance or conduct reasons.  However, with narrow exceptions, the merits of an agency's separation of a probationary employee was unreviewable by the Board. *See* 5 C.F.R. § 315.806.  Thus, whether the agency decided to separate the appellant class members for "workforce planning," because they did not perform critical duties related to immigration, national security, or public safety, or for any other reason not covered by 5 C.F.R. § 315.806(b) is immaterial to this appeal because the merits of that separation are not reviewable by the Board.  *Id.* Further, as it existed at the time of the action, 5 C.F.R. § 315.803 referred to the broader concept of an employee's "fitness" for continued employment.  Both the agency and OPM take the position that this concept permits an agency considerable flexibility in separating probationary employees for reasons other than individual performance and conduct, including as a measure to *avoid* the need for a RIF.[8]  IAF, Tab 56 at 70, Tab 58 at 109.  There is little support for the appellant's contention that the Board has the authority to either look behind the agency's proffered reasons for separating a probationary employee or limit the agency's authority to do so.

The next part of the appellant's argument   that an agency conducts a reorganization whenever it separates an employee with no plan to replace them, because such action necessarily requires the agency to either eliminate or redistribute the functions performed by that employee – is also based on selective excerpts of the regulatory framework.  The complete text defines a reorganization as "the *planned* elimination, addition, or distribution of *functions or duties in an*

---

[8] The prior version of the Federal Personnel Manual and OPM's Workforce Reshaping Handbook both refer to separating employees without appeal rights as a typical RIF avoidance measure.  *See* Federal Personnel Manual, Chapter 351, at § 1-5(a) (1988); U.S. Office of Pers. Mgmt., *Workforce Reshaping Handbook*, Chapt. 1, p. 9 (Mar. 2017),  https://www.opm.gov/policy-data-oversight/workforce-restructuring/reductions-in-force-rif/workforce_reshaping.pdf. *See also Markland v. Office of Personnel Management*, 140 F.3d 1031, 1034 (Fed. Cir. 1998) (remarking that, until OPM publishes another interpretation of the RIF regulations, the FPM remains a valuable resource for that purpose).

*organization*." 5 C.F.R. § 351.203 (emphasis added). The inclusion and placement of the adverb 'planned' is essential to the definition. *See, e.g. Moulton v. Office of Personnel Management,* 2023 MSPB 26, ¶ 15, *aff'd* 155 F.4th 1331 (Oct. 10, 2025) (discussing that statutory provisions must be read as a whole and in harmony). Similarly, 5 C.F.R. § 351.201 requires that the regulations "shall" be used when an agency "releases a competing employee" for the listed reasons "when such action will take effect *after* an agency has formally announced a reduction in force in the employee's competitive area and when the reduction in force will take effect within 180 days." *Id.* When read in its entirety, 5 C.F.R. part 351 requires an agency to follow a complex process for deciding how to allocate its employees and which ones will be released *after* it has first determined it has employees excess to its needs. The appellant's assertion that this process must be completed whenever an agency must "eliminate or redistribute" the functions of a departing employee – which it must necessarily do almost any time an employee departs, for any reason – is illogical, and in conflict with the plain meaning of the regulation.

Third, the agency admittedly retained untenured employees in positions deemed "mission critical," or that performed functions related to immigration, national security, or public safety, in accordance with the guidance from OPM. Tab 58, at 10, 15. The appellant argues that the fact of the exceptions pulls the separations into the definition of a reorganization because it reflects an intent to eliminate functions rather than individuals.[9] IAF, Tab 56, at 11, 22-25; Tab 63 at 12. Given the breadth of the mission and structure of the Department of Interior, I do not find its separation of these probationary employees a nonfrivolous allegation that it has reorganized or restructured functions unrelated to immigration, national security, or public safety. OPM provided similar

---

[9] The purportedly deliberative information sought by the appellant in discovery involved the agency's application of this exception. Because I find the application of the exceptions irrelevant to the existence of a RIF, the appellant's discovery dispute is moot.

exceptions to its hiring freeze policy and to eligibility for its deferred resignation program.[10] IAF, Tab 56 at 41. I find this evidence that the agency, in accordance with OPM's guidance and the policy of the incoming administration, was taking steps to shrink the size of its workforce using the authority available to it. As discussed above, its actions began with identifying untenured staff serving a probationary period, which is an individual characteristic of the employee's appointment. I find the agency's application of the allowable exceptions to employees within that broad category irrelevant to the existence of a reorganization.

Finally, the cases cited in support of the appellant's theory of RIF jurisdiction do not support their expansive reading of the regulations. In *Von Zemenszky*, the Court held that the agency was required to comply with the RIF regulations rather than its internal process to release a Title 38 physician; there was no dispute that the agency had first determined it had staff excess to the needs of the medical center in question. *See* 284 F.3d 1310, 1313. *Holmes* addressed the agency's attempt to use the RIF regulations as a pretext for removing the appellant; the Board was not evaluating whether the agency was *required* to apply the RIF regulations, only whether it was *permitted* to do so based on its characterization of its action as a RIF. *Id.* *Holmes* accepted the agency's assertion that it was reorganizing because it proved it made organizational changes that increased the duties and grade of the position the appellant had held, displacing him from it. *See* 41 M.S.P.R. at 616. *Salo v. Department of Defense*, 122 M.S.P.R. 417 (2015), is a discontinuous furlough case, where there was no dispute that the agency furloughed its employees due to budget sequestration. *Id.* None of these cases involved a hiring freeze, or high-

---

[10] https://www.opm.gov/about-us/fork/faq/

level instructions to reduce the size of the workforce, or the agency releasing a group of untenured staff.

The Board did find that the RIF procedures were mandatory in *Robinson*; however, like in *Von Zemenszky*, the agency was admittedly restructuring. *Robinson*, 63 M.S.P.R. 307. In *Robinson*, the agency first consolidated work groups and then reassigned the appellants from redundant management positions with saved pay or grade, attempting to avoid the RIF procedures, which the Board found unlawful. *Id.* In *Losure v. Interstate Commerce Commission*, 2 M.S.P.B. 361 (1980), and *Huber*, the Board and the Federal Circuit rejected the agency's attempt to characterize its actions in eliminating and replacing the appellants' positions as a RIF because there was *not* a planned change to the agency's structure. *See* 2 MSPB at 364; 793 F.2d 284, 286 . In both cases, the agency's assertion that it acted pursuant to the RIF regulations was rejected because the employees proved they were selected for separation because of reasons personal to them – Ms. Losure's affiliation with disgraced managers and the *Huber* petitioner's Schedule A appointments. *Id.* In both cases, the agency made no significant changes to the duties or responsibilities of the positions the impacted employees held and replaced them after the sham reorganization was complete. *Id.* Finally, I note that while the situation in *Tippins* arose through the operation of a process that is only applicable to uniformed service members, the Federal Circuit found that the agency's actions in terminating retirement eligible military personnel in order to fill behind those employees with younger employees was not a "RIF," distinguishing the situation from a "reorganization" that would trigger a RIF under 5 CFR part 351 because the agency's actions started by targeting the characteristics of individual employees, specifically, the fact of their retirement eligibility. *Id.* *Tippins* and *Huber* are similar to the situation presented here, because the agency's action was premised on the character of their individual appointments; this appeal warrants a similar result.

I find the most logical reading of the regulations, and binding precedent, is that a RIF occurs when an agency *first* eliminates jobs and *then* reassigns or separates the employees who held those jobs, not the other way around. *See, e.g., Tippins*, 93 F.4th at 1375. There is no dispute in this appeal that the agency had not drafted a reorganization plan at the time it began complying with OPM's instructions to separate its probationers, and it had not abolished the positions they held before they were separated. The material fact is that the agency action undisputedly started with the character of the class member's appointment – probationary or trial period – exempting them only if the position they held was also "mission critical," as defined by the Executive Orders and OPM guidance. I find that the nature of the appointment the appellant class members held is an individual characteristic of the employee, not the position they held. *See e.g. Tippins*, 93 F. 4th 1370; *Huber*, 793 F.2d 284. That fact alone means that the agency action was not subject to 5 C.F.R. part 351.

<u>The appellant did not nonfrivolously allege that they were subjected to partisan political discrimination</u>

In its jurisdictional submission, the appellant argues in the alternative that the agency's action is reviewable pursuant to 5 C.F.R. § 315.806(a) as demonstrative of partisan political discrimination. IAF, Tab 56 at 36. In *Starkey v. Department of Housing and Urban Development*, 2024 MSPB 6 (2024), the Board clarified that an appellant asserting regulatory jurisdiction of 5 C.F.R. § 315.806(b) must nonfrivolously allege that partisan political reasons were the "but for" cause of their termination, and reversed the appellant's termination finding that the agency's reasons were a pretext for partisan political discrimination given the appellant's well-known support of partisan politics and a complaint from an industry group about her support of particular politicians and associated programs. *Id.* To nonfrivolously allege a termination was because of partisan political reasons, an appellant must nonfrivolously allege that the

terminations were based on the employee's affiliation with a political party, candidate, or campaign activities. *See Marynowski v. Department of the Navy*, 118 M.S.P.R. 321, ¶ 7 (2012).

The appellant class argues that it has met this burden because those separated were likely hired during the previous administration, and the "apparent motivation" for the separations "would be a belief that the terminated employees were disproportionately sympathetic to the political party of the previous administration, as compared to those hired during the current administration." IAF, Tab 56 at 36. The fact of being hired by a previous administration is insufficient to demonstrate an affiliation with a particular political party, candidate, or campaign activities. *See Marynowski*, 115M.S.P.R. ¶ 7. While the agency separated the appellant class in furtherance of the goal of the current administration to reduce the size of the Federal workforce, acting in accordance with the goals of elected officials is also not partisan political discrimination within the ambit of 5 C.F.R. § 315.806(b).

There is no evidence that anyone harbored a perception that the separated employees supported the previous administration. The appellant submitted agency records demonstrating that it identified *all* its probationary employees and separated *all* of them unless they were involved in immigration enforcement, national security, or public safety. IAF, Tab 56 at 49-57, 70-92. The very fact that the agency indiscriminately separated the class members undermines any inference that they were selected because of their individual politics. I find the appellant's conclusory assertions insufficient to satisfy its jurisdictional burden. *See Baldwin*, 109 M.S.P.R. at 397 . The Board does not have jurisdiction to review the separations pursuant to 5 U.S.C. § 315.806.

The appellant's claim that OPM's directive was unlawful does not provide the Board with Jurisdiction

The appellant argues that the agency's actions in this matter violate the Administrative Procedure Act, as it was arbitrary, capricious, and outside of

OPM's statutory authority to order the agency to separate its employees. Agency actions have been found to be not in accordance with law when the individual taking the action lacked the legal authority to do so. For example, in *Hamilton v. U.S. Postal Service*, 58 M.S.P.R. 486, 487-88 (1993), the Board found that a demotion was not in accordance with law because the deciding official had retired from the agency prior to issuing the decision. In *McCollum v. National Credit Union Administration*, 417 F.3d 1332, 1339 (Fed. Cir. 2005), the Federal Circuit held that a removal was not in accordance with law because the only entity within the agency with the authority to authorize the appellant's removal never did so. In *Singh v. U.S. Postal Service*, the appellant argued that a higher-level official ordered the deciding official to demote him. 2022 MSPB 15 (May 31, 2022). However, the Board upheld the separation based on the deciding official's testimony that the decision was his and his alone. *Id.*

Here, in response to executive orders, OPM gave agencies direction framed as guidance and data calls from its acting director and through its CHCO Council. IAF, Tabs 56-58. However, the agency's responses to discovery and other declarations in the record identify the decision makers on separations as the individuals who signed the separation letters and its own human capital office, not OPM. IAF, Tab 56 at 60, 115-120. Regardless, a claim that an agency personnel action was "not in accordance with law" is not an independent source of Board jurisdiction. *See Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 15 (2007). As discussed above, the probationary separations at issue are not within the Board's jurisdiction to review.

Conclusion

This appeal presents a question of law controlling the Board's jurisdiction, and there are no material disputes of fact. The employees were identified and terminated because of the nature of their appointments, not because the agency had abolished the positions they held. An eventual agency planned

reorganization or restructuring is not relevant to the appellant's current appeal rights. Therefore, the appeal is DISMISSED for lack of jurisdiction.

## DECISION

The appeal is DISMISSED.

*Sara K Snyder*

FOR THE BOARD:       _____
                 Sara K. Snyder
                 Chief Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on **May 5, 2026**, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board. Any petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. The date that the petitioner receives the initial decision is determined according to the standard set forth at § 1201.22(b)(3), pertaining to an appellant's receipt of an agency decision. If the petitioner is represented, the 30-day time begins to run upon receipt of the initial decision by either the representative or the petitioner, whichever comes first. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

**BOARD REVIEW**

You may request Board review of this initial decision by filing a petition for review.

Your petition must state your objections to the initial decision, including all of your legal and factual arguments, and must be supported by references to applicable laws or regulations and by specific references to the record. You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov/).

## <u>Criteria for Granting a Petition for Review</u>

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition for review. Situations in which the Board may grant a petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words. A reply to a response to a petition for review is limited to 15 pages or 3750 words. A party relying on word count to adhere to the length limitation must include certification of the word count with their pleading. Argument formatted such that the length of the pleading cannot be determined may be rejected. Computer generated and typed pleadings must use no less than 12-point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. Length limitations may not be circumvented by including argument in attachments. Failure to comply with length limitations, after sufficient opportunity to comply, may lead to dismissal of the petition for review. A request for leave to file a pleading that exceeds the limitations must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length.

If you file a petition for review, you should not include documents that were part of the record below, as the entire administrative record will be available to the Board.  Any petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision.  The date that the petitioner receives the initial decision is determined according to the standard set forth at § 1201.22(b)(3), pertaining to an appellant's receipt of an agency decision. If the petitioner is represented, the 30-day time period begins to run upon receipt of the initial decision by either the representative or the petitioner, whichever comes first.

Any response to a petition for review must be filed within 25 days after the date of service of the petition. Any reply to a response to a petition for review must be filed within 10 days after the date of service of the response to the petition for review. The Board's regulation at 5 C.F.R. § 1201.23 governs the computation of time.

## NOTICE TO AGENCY/INTERVENOR

Any party to the proceeding, the Director of the Office of Personnel Management (OPM), or the Special Counsel (under 5 U.S.C. 1212(c)) may file a petition for review.  Each party is limited to filing a single petition for review, response to a petition for review, and reply to a response to a petition for review. A petition for review filed by an agency should address the agency's compliance with any interim relief requirements and should contain a certification, as set forth at 5 C.F.R. § 1201.116(a).

## NOTICE OF APPEAL RIGHTS

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above.  5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>.** As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date this decision becomes final</u>. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after this decision becomes final</u> under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after this decision becomes final</u> as explained above.  5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3)** **<u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date this decision becomes final</u> under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals

for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

Appellant

Electronic Service     Interior Probationary Employees Class
Served on email address registered with MSPB

Appellant Representative

Electronic Service     Christopher Bonk
Served on email address registered with MSPB

Appellant Representative

Electronic Service     Brian Corman
Served on email address registered with MSPB

Appellant Representative

Electronic Service     Alice Hwang
Served on email address registered with MSPB

Appellant Representative

Electronic Service     Shannon Leary
Served on email address registered with MSPB

Appellant Representative

Electronic Service    Rebecca Ojserkis
Served on email address registered with MSPB

Appellant Representative

Electronic Service    Kevin Owen
Served on email address registered with MSPB

Appellant Representative

Electronic Service    Emily Postman
Served on email address registered with MSPB

Appellant Representative

Electronic Service    Anisha Queen
Served on email address registered with MSPB

Appellant Representative

Electronic Service    Daniel Rosenthal
Served on email address registered with MSPB

Appellant Representative

Electronic Service    Charlotte Schwartz
Served on email address registered with MSPB

Appellant Representative

Electronic Service    Joseph Sellers
Served on email address registered with MSPB

<u>Appellant Representative</u>

Electronic Service           Alisa Tiwari

Served on email address registered with MSPB

<u>Agency Representative</u>

Electronic Service           Stacy Biney

Served on email address registered with MSPB

<u>Agency Representative</u>

Electronic Service           Maria Iliadis

Served on email address registered with MSPB

<u>Agency Representative</u>

Electronic Service           Rachel Wieghaus

Served on email address registered with MSPB

<u>Statutory Intervenor</u>

Electronic Service           Patrick Ehler

Served on email address registered with MSPB

<u>Statutory Intervenor</u>

Electronic Service           Eyana Esters

Served on email address registered with MSPB

<u>Secondary Appellant</u>

U.S. Mail           Allison Keating

50 Lawrence Road

Weare, New Hampshire 03281

<u>Secondary Appellant</u>

U.S. Mail        Matthew McAnulty
                 2790 W Forecast St.
                 Meridian , Idaho 83641

<u>Secondary Appellant</u>

U.S. Mail        Samuel Peterson
                 PO Box 214
                 Coulee Dam, Washington 99116

| | |
|---|---|
| 03/31/2026 | *Maria Sunga* |
| (Date) | Maria Sunga |